Bradford D. Conover
Conover Law Offices
Attorneys for Plaintiff
75 Rockefeller Plaza. (20th Floor)
New York, NY  10019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FULVIA ZUSTOVICH,

                                     Plaintiff,

                                                              Index № 08-CV-6856 (HB)(KNF)
    -against-                                                 ECF CASE

HARVARD MAINTENANCE, INC., SPC SERVICES, INC.,
SAGE REALTY CORPORATION, SULO LULANAJ,
MURAT MELA

                                     Defendants.

-------------------------------------------------------------------x

## COMPLAINT

        Plaintiff, FULVIA ZUSTOVICH, by her attorneys, Conover Law Offices, for her

complaint against defendants, HARVARD MAINTENANCE, INC., SPC SERVICES, INC.,

SAGE REALTY CORPORATION, SULO LULANAJ, and MURAT MELA, respectfully alleges

as follows:

## NATURE OF ACTION

        1.      This is an action for damages against defendants for national and ethnic origin,

race, and age discrimination and retaliation in violation of the Civil Rights Act of 1964, 42

U.S.C. §2000(e) *et seq*., as amended in 1972 and 1991 (hereafter "Title VII"); the Civil Rights

Act of 1870, 42 U.S.C. §1981, as amended in 1991 (hereafter "Section 1981); the Executive Law

of the State of New York, Article 15, §296 (1)(a) *et seq.* (hereafter "Executive Law"); and the

Human Rights Law of the City of New York of 1991, §§8-107 and 502 (hereafter "HRL"); for age discrimination under the HRL; and for intentional infliction of emotional distress.

## JURISDICTION AND VENUE

2.     The jurisdiction of this Court over this controversy is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and (4) and 42 U.S.C. §§ 2000(e) - 5(f) and (g).  The Court's pendent jurisdiction is invoked for the claims arising under state statutory and common law.

3.     Venue in this Court is proper in that defendants maintain offices in this District.

## ADMINISTRATIVE PROCEEDINGS

4.     On or about November 7, 2006, more than 180 days ago, plaintiff, Fulvia Zustovich, filed a timely charge alleging national origin discrimination and retaliation with the New York State Division of Human Rights (hereafter "Division"), also filed with the Equal Employment Opportunity Commission (hereafter "EEOC").

5.     On or about January 28, 2008, the Division issued a determination finding that probable cause exists to believe defendants engaged in discriminatory practices based on plaintiff's national origin and in retaliation for her complaint of discrimination.

6.     The EEOC sent plaintiff a Right-to-Sue Letter dated May 14, 2008, more than 180 days after the filing of her Division Charge, and within 90 days of her filing a Complaint in this Court.  A copy of the Right-to-Sue Letter is annexed hereto as Exhibit A.

## PARTIES

7.     Plaintiff, Fulvia Zustovich (hereafter "plaintiff"), resides in the County of Queens and State of New York.

2

8.      Defendant, Harvard Maintenance, Inc. (hereinafter "Harvard Maintenance"), is a corporation, organized under the laws of New York State with a principal place of business at 570 Seventh Avenue New York, NY 10018.

9.      At all times relevant, Harvard Maintenance is and was under contract to maintain the commercial premises at 747 Third Avenue and exercised control over plaintiff's employment and termination of employment.

10.     Defendant, SPC Services, Inc. ("SPC Services"), is a corporation, organized under the laws of New York State with a principal place of business at 210 East 49th Street, New York, NY 10017.

11.     At all times relevant, defendant SPC Services is and was under contract to maintain the commercial premises at 747 Third Avenue ("the Building") and exercised control over plaintiff's employment and termination of employment.

12.     Defendant, Sage Realty Corporation ("Sage Realty"), is a corporation, organized under the laws of New York State with a principal place of business at 777 Third Avenue, 31st Floor, New York, NY 10017.

13.     At all times relevant, Sage Realty is and was under contract to manage the premises at 747 Third Avenue and exercised control over plaintiff's employment and termination of employment.

14.     At all times relevant, defendant, Sulo Lulanaj (hereafter "Lulanaj"), is and was employed as Project Manager, Cleaning Division at SPC Services.

15.     At all times relevant, defendant, Murat Mela (hereafter "Mela"), is and was employed as Assistant Vice President of Harvard Maintenance. Mela, of Albanian ethnic origin

3

and descent, was in a supervisory position over various employees of Harvard Maintenance, including plaintiff.

## FACTS

16.     On or about April 1995, plaintiff, a female of Italian ethnic origin and descent, age 62, was employed as a "Cleaner" at the Building.

17.     On or about January 7, 1996, Harvard Maintenance was retained to provide maintenance and cleaning services at the Building and employed plaintiff as a Cleaner.

18.     During her eleven-year tenure at the Building, plaintiff had an excellent job performance and attendance record.

19.     At all times relevant, plaintiff received praise for superior job performance from various tenants at the Building.

20.     At all times relevant, Lulanaj, Project Manager for SPC Services and of Albanian ethnic origin and descent, was in a supervisory position over various employees of Harvard Maintenance, including plaintiff, and had direct knowledge concerning plaintiff's work performance.

21.     During her employment at the Building, Lulanaj favored employees of Albanian ethnicity and descent and younger employees and, as a result, plaintiff suffered severe and persistent discrimination on the basis of her race, ethnic origin, national origin and age.

22.     At all times relevant, plaintiff spoke with a pronounced Italian accent and defendants were aware of her Italian ethnicity.

23.     In September 2005, after plaintiff returned from vacation, she complained to Lulanaj that because an Albanian employee had not done her job, plaintiff's workload had unreasonably increased to the detriment of plaintiff and the tenants.

24.     Lulanaj failed to take appropriate corrective action against the delinquent Albanian employee and, instead, stated to plaintiff: "It's your job. Do it."

25.     On October 19, 2005, plaintiff was falsely accused by defendants of not properly cleaning the floors and was issued a disciplinary notice.

26.     The reason given for the disciplinary notice was a pretext for retaliation by defendants against plaintiff for complaining that Lulanaj had engaged in favoritism towards Albanian employees.

27.     Despite demand, Harvard Maintenance refused to retract the disciplinary notice and investigate the favoritism.

28.     On or about October 2005, only after plaintiff filed a grievance with her Union, did Harvard Maintenance agree to withdraw the false disciplinary notice against plaintiff.

29.     On or about September 2006, plaintiff was transferred off the 23rd Floor to another Floor in the Building. The tenant on the 23rd floor, Silver Co., specifically requested that plaintiff be returned to the 23rd Floor in view of her excellent job performance.

30.     Lulanaj did not authorize the plaintiff's transfer back to the 23rd Floor, and begrudgingly questioned plaintiff: "Why do they want you back on the 23rd Floor?"

31.     On October 18, 2006, Mela, Harvard Maintenance's Assistant Vice President, with Lulanaj's knowledge, encouragement and support, terminated plaintiff "effective immediately" on the false grounds that plaintiff was "using tenant property" and "reading on

company time" on the 34th Floor; was accused of an "impropriety" by the 23rd Floor tenant; and was playing solitaire on a tenant's computer on the 8th Floor.

32.    Upon information and belief, plaintiff was replaced by a younger, Albanian employee.

33.    Upon information and belief, the reasons given for plaintiff's termination were false and a pretext for race, ethnic origin, national origin, and age discrimination and retaliation in that plaintiff had merely misplaced her glasses on the 34th Floor and had not been reading on company time; the 23rd Floor tenant, Silver Co. had not complained about any "impropriety," and, to the contrary, was very pleased with her work; and plaintiff could not have engaged in the alleged offense of playing solitaire on a tenants' computer as she had not worked on the 8th Floor for over six months.

34.    On or about October 18, 2006, plaintiff complained to Mela that she believed that the disciplinary action was discriminatory, and that were she Albanian, she would not have been terminated, but Mela failed to investigate or take remedial action.

35.    Once again, only after plaintiff complained and filed a grievance through the Union did the defendants reinstate plaintiff's employment with back pay losses, but pursuant to a "Consent Award" between the Union and Harvard Maintenance to which plaintiff objected and was not a party, and from which plaintiff expressly reserved her rights.

36.    Plaintiff, since her termination from the Building, has suffered adverse employment conditions in that plaintiff has been transferred against her will to 420 Fifth Avenue; has been assigned to more onerous work assignments; and has been denied the vacation scheduling benefits and job security she was afforded at the Building.

37.    The discrimination suffered by plaintiff is part of a pattern and practice of discrimination against employees who are not Albanian and who are over 45 years of age.

38.    Upon information and belief, after plaintiff was terminated from the Building, defendants replaced her with an Albanian woman in her thirties.

39.    At all times relevant, of the 22 employees employed by Harvard at the Building as of November 7, 2006, six are Albanian, six are Yugoslavian, one is Grenadian, one is Romanian, one is Haitian, one is Italian, and six are of unknown ethnic origin or national origin.

40.    Upon information and belief, all but two employees employed by Harvard at the Building as cleaners are Albanian, as of July 22, 2008.

41.    Upon information and belief, other non Albanian employees have complained about national origin discrimination by Lulanaj, including, but not limited to, Dragica Ilic, plaintiff's co-worker of Serbian descent.

42.    Upon information and belief, despite the inferior job performance and attendance of various Albanian employees, no Albanian employees were written up for disciplinary infractions, although six employees of other ethnic origins and other national origins, including plaintiff, were disciplined.

43.    Upon information and belief, Albanian employees who committed serious violations of workplace rules were not terminated, such as employees sleeping on the job, smoking on the job, neglecting their duties to the extent that the tenant refused to pay for services, making personal telephone calls, and destroying tenant property.

44.    Upon information and belief, Albanian employees were afforded privileges not extended to non-Albanian employees, such as preference in arranging vacation time without

7

regard to building seniority, and were not disciplined for taking unauthorized breaks, while non-Albanians were disciplined or removed from the building for minor infractions.

45.    Mela and Lulanaj were aware that disciplinary action against plaintiff was unwarranted and that Albanian employees had engaged in terminable offenses without disciplinary action.

46.    Plaintiff was subjected to ongoing discrimination on account of her race, ethnic origin, national origin and age, and was terminated on account of impermissible discrimination and in retaliation for  complaining about the discrimination and hostile work environment.

47.    Each of the individual defendants personally participated in the discriminatory conduct and occupied supervisory positions with the power over plaintiff to do more than carry out personnel decisions made by others.

48.    During the period of plaintiff's employment, defendants condoned and encouraged a policy and practice of discriminating against and harassing plaintiff on the basis of her race, ethnic origin, national origin and age; subjected plaintiff to a hostile work environment; failed to provide plaintiff with an adequate means of complaint and redress; and retaliated against plaintiff.

49.    As a result of the discrimination, plaintiff suffered humiliation, depression, severe anxiety, panic attacks, chest pain, hypertension, extreme emotional distress and a loss of income.

## FIRST CLAIM FOR RELIEF AGAINST
## HARVARD MAINTENANCE, INC., SPC SERVICES, INC.
## AND SAGE REALTY CORPORATION
## FOR NATIONAL ORIGIN DISCRIMINATION
## UNDER TITLE VII

50.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-49 as if fully set forth herein.

51.    By reason of the foregoing, plaintiff, because of her national origin, was denied terms and conditions of employment; was subject to a hostile environment; and was discharged by defendants in violation of Title VII.

52.    As a result of defendants' willful, knowing and intentional discrimination, plaintiff sustained substantial losses in employment benefits and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

## SECOND CLAIM FOR RELIEF AGAINST
## HARVARD MAINTENANCE, INC., SPC SERVICES, INC.
## AND SAGE REALTY CORPORATION FOR
## RETALIATION UNDER TITLE VII

53.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-52 as if fully set forth herein.

54.    By reason of the foregoing, plaintiff, because she complained of discrimination based on her national origin, was subject to retaliation in that she was denied terms and conditions of employment; and was discharged by defendants in violation of Title VII.

55.    As a result of defendants' willful, knowing and intentional retaliation, plaintiff sustained substantial losses in employment benefits and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

## THIRD CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS FOR DISCRIMINATION AND RETALIATION UNDER SECTION 1981

56.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-55 as if fully set forth herein.

57.     By reason of the foregoing, plaintiff, because of her race and her Italian ethnic origin, was denied terms and conditions of employment, was subject to a hostile environment, was discharged, and was subsequently transferred to an inferior position by defendants in violation of Section 1981.

58.     Plaintiff, because she complained of discrimination based on her race and her Italian ethnic origin, was subject to retaliation in that she was denied terms and conditions of employment; and was discharged and subsequently transferred to an inferior position by defendants in violation of Section 1981.

59.     Individual defendants, Lulanaj and Mela, personally participated in the discrimination and retaliation; had the power to make personnel decisions; and aided and abetted the discrimination and retaliation in violation of Section 1981.

60.     As a result of defendants' willful, knowing and intentional discrimination and retaliation, plaintiff sustained substantial losses in employment benefits and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

## FOURTH CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS FOR DISCRIMINATION UNDER EXECUTIVE LAW ARTICLE 15, §296

61.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-60 as if fully set forth herein.

10

62.    By reason of the foregoing, plaintiff, because of her national origin, race, and age, was denied terms and conditions of employment, was subject to a hostile environment, and was discharged by defendants in violation of the Executive Law, Article 15, § 296.

63.    Individual defendants, Lulanaj and Mela, participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of Executive Law § 296.

64.    As a result of defendants' willful, knowing and intentional discrimination, plaintiff sustained substantial losses in employment benefits and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

**FIFTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR RETALIATION**
**UNDER EXECUTIVE LAW ARTICLE 15, §296 *ET SEQ.***

65.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-64 as if fully set forth herein.

66.    By reason of the foregoing, plaintiff, because of her national origin, race, and age, was denied terms and conditions of employment, was subject to retaliation, and was discharged by defendants in violation of the Executive Law, Article 15, § 296 *et seq.*

67.    Individual defendants, Lulanaj and Mela, participated in the retaliation; had the power to make personnel decisions; and aided and abetted the retaliation in violation of Executive Law § 296 *et seq.*

68.    As a result of defendants' willful, knowing and intentional retaliation, plaintiff sustained substantial losses in employment benefits and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

11

**SIXTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR**
**DISCRIMINATION UNDER HRL § 8-502**

69.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-68 as if fully set forth herein.

70.     By reason of the foregoing, plaintiff was subject to discrimination based on her national origin, race, and age in that she was denied terms and conditions of employment; and was discharged and later transferred by the defendants.

71.     Individual defendants Lulanaj and Mela, participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of HRL §§ 8-107 and 502 *et seq.*

72.     As a result of defendants' willful, knowing and intentional discrimination, plaintiff sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

**SEVENTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR**
**RETALIATION UNDER HRL § 8-502**

73.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-72 as if fully set forth herein.

74.     By reason of the foregoing, plaintiff, because she complained of discrimination by defendants based on her national origin, race, and age, was subject to retaliation in that she was denied terms and conditions of employment; and was discharged and later transferred by the defendants.

12

75.     Individual defendants Lulanaj and Mela, participated in the retaliation; had the power to make personnel decisions; and aided and abetted the retaliation in violation of HRL §§ 8-107 and 502 *et seq.*

76.     As a result of defendants' willful, knowing and intentional retaliation, plaintiff sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

### EIGHTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-76 as if fully set forth herein.

78.     Defendants' conduct, as described above, was extreme, outrageous and was beyond the bounds of human decency and was solely motivated by an intention to harm plaintiff.

79.     Defendants' conduct as described above, was wanton and reckless, manifesting a conscious disregard for the rights of plaintiff.

80.     As a result thereof, plaintiff has suffered, and continues to suffer, extreme humiliation, embarrassment, and mental and physical distress and anguish.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment in plaintiff's favor and against defendants:

A.     On the first claim for relief, for compensatory damages for emotional distress, and punitive damages in amounts to be determined by the trier of fact plus attorneys fees, costs and interest.

13

B.      On the second claim for relief, for compensatory damages for emotional distress, and punitive damages in amounts to be determined by the trier of fact plus attorneys fees, costs and interest.

C.      On the third claim for relief, for compensatory damages for emotional distress, and punitive damages in amounts to be determined by the trier of fact plus attorneys fees, costs and interest

D.      On the fourth claim for relief, for compensatory damages for emotional distress.

E.      On the fifth claim for relief, for compensatory damages for emotional distress.

F.      On the sixth claim for relief, for compensatory damages for emotional distress and punitive damages in amounts to be determined by the trier of fact plus attorneys fees, costs and interest.

G.      On the seventh claim for relief, for compensatory damages for emotional distress and punitive damages in amounts to be determined by the trier of fact plus attorneys fees, costs and interest.

H.      On the eighth claim for relief, for compensatory damages for emotional distress and punitive damages in amounts to be determined by the trier of fact.

I.    On all claims for relief, equitable relief including reinstatement and such other,

further and different relief as the Court may deem just and equitable.

**PLAINTIFF HEREBY DEMANDS TRIAL
BY JURY ON ALL CLAIMS FOR RELIEF**

Dated:  New York, New York
        July 30, 2008

                                        CONOVER LAW OFFICES
                                        Attorneys for Plaintiff

                                By:     _____
                                        Bradford D. Conover
                                        75 Rockefeller Plaza. (20th Fl.)
                                        New York, NY  10019
                                        (212) 588-9080

Exhibit A

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Fulvia Zustovich<br>151-05 Cross Island Parkway, 3<br>C<br>Whitestone, NY 11357 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2007-00512 | **John B. Douglass,**<br>**Supervisory Investigator** | **(212) 336-3765** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒    More than 180 days have passed since the filing of this charge.

☐    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒    The EEOC is terminating its processing of this charge.

☐    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Spencer H. Lewis, Jr.,*
**Director**

5/14/08
*(Date Mailed)*

cc:    **HARVARD MAINTENANCE, INC.**
**Vice President, 570 Seventh Ave**
**New York, NY 10018**

**BRADFORD D. CONOVER**
**75 Rockefeller Plaza, 20th Floor**
**New York, NY 10019**